# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| **GAEA, LLC,** | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| v. | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gaea, LLC ("Gaea" or "Plaintiff"), for its Complaint against Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") and alleges as follows, alleges as follows:

## PARTIES

1.      Plaintiff Gaea, LLC is a limited liability company organized under the laws of Colorado, with its principal place of business at 8374 Greenwood Dr., Niwot, CO 80503.

2.      Defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-Ro, YeongtongGu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea. Samsung is a leading manufacturer and seller of consumer electronics, including SSD storage devices optimized to be compatible with CacheLib, throughout the world and in the United States. On information and belief, Samsung Electronics Co., Ltd does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of

infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3.      Defendant Samsung Electronics America, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, Samsung Electronics America, Inc. has corporate offices in the Eastern District of Texas located at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074. Samsung Electronics America Ltd. has publicly indicated that in early 2019, it would be centralizing multiple offices in a new location in the Eastern District of Texas at the Legacy Central office campus, located at 6225 Declaration Drive, Plano, Texas 75023.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Samsung in this action because Samsung has committed acts of infringement of the Asserted Patents within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, testing, selling, offering for sale, licensing, importing products and services that infringe the Asserted Patents.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b). SEC is a foreign entity such that venue is proper in any District in the United States. SEA is subject to personal jurisdiction in this District and regularly conducts business in this District. On information and belief, SEA has regular and established places of business physically located in this District. For example, Samsung has corporate offices located at 6625 Excellence Way, Plano, TX 75023 and 1100 Klein Road Suite 100, Plano, TX, 75074.

8.     A Samsung-authored article announced, "the opening of its new executive briefing center—the Samsung Networks Innovation Center—located at its Plano, TX, headquarters," which is "[b]uilt to provide an interactive and collaborative space for Samsung's customers and partners."[1]

9.     SEA has designated registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 to accept service of process within Texas.

10.     Samsung is registered to do business in Texas and, upon information and belief, Samsung has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

## THE PATENTS-IN-SUIT

11.     Gaea is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,776,023 (the "'023 Patent"), including the right to bring suit for past, present,

---

[1] https://www.samsung.com/global/business/networks/insights/blog/0613-samsung-networks-innovation-center-opens-its-doors-offering-a-close-look-at-advanced-network-connectivity/#:~:text=Close-,Samsung%20Networks%20Innovation%20Center%20Opens%20its%20Doors%2C%20Offering%20a%20Close,Samsung's%20networks%20products%20up%20close (last accessed March 30, 2026).

and future patent infringement, and to collect past, present, and future damages. A true and correct copy of the '023 Patent is attached as Exhibit A.

12.    Gaea is the owner by assignment of all right, title, and interest in and to United States Patent No. 11,327,669 (the "'669 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages. A true and correct copy of the '669 Patent is attached as Exhibit B.

13.    Gaea is the owner by assignment of all right, title, and interest in and to United States Patent No. 11,907,553 (the "'553 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages. A true and correct copy of the '553 Patent is attached as Exhibit C.

14.    Gaea is the owner by assignment of all right, title, and interest in and to United States Patent No. 12,265,715 (the "'715 Patent"), including the right to bring suit for past, present, and future patent infringement, and to collect past, present, and future damages. A true and correct copy of the '715 Patent is attached as Exhibit D.

15.    Gaea is owned and controlled by Joshua Johnson, Curt Bruner, Jeffrey Reh, Christopher Squires, and Brian Wilson, the inventors of the Patents-in-Suit.

16.    The '023 Patent includes representative claim 1, which recites an apparatus comprising storage media and a device controller configured to receive a storage device policy indicating a recording method from a host, store content according to the policy, record storage information including a content identifier associated with the content, receive a request for the stored content, retrieve the storage information associated with the content upon the request, recover stored content based on the storage information, and return the requested content to the host.

4

17.    The '669 Patent includes representative claim 1, which recites an apparatus including a storage device and a device controller with memory storing an application configured to receive a storage device policy, receive a storage request comprising content, store the content according to the policy, record storage information including a content identifier, receive a later content request, retrieve the storage information, recover the content according to that information, and return the content.

18.    The '553 Patent includes representative claim 9, which recites an apparatus including solid-state memory, device memory, a programmable processor, and a device controller, with an application that receives a storage request comprising content and a storage device policy, processes the content for storage based on the policy, transfers the content to the device controller, and stores the content on the solid-state memory.

19.    The '715 Patent includes representative claim 11, which recites a method of operating a solid-state drive by processing content based on a storage policy in response to a storage request, storing the processed content on solid-state memory, reading requested content in response to a read request, processing the requested content for transfer based on the storage policy, and transferring the requested content.

20.    The Patents-in-Suit are valid and enforceable under the United States Patent Laws.

## FACTUAL BACKGROUND

21.    Samsung develops, manufactures, imports, offers for sale, and sells NVMe solid state drives ("SSDs") for enterprise and data-center use, including the PM9D3a NVMe SSD.

22.    The accused Samsung SSDs include non-volatile flash memory and a controller operatively coupled to that memory. The controller and its firmware manage write and read requests received from a host and control the recording and recovery of content on the SSD.

23.     In operation, the accused Samsung SSDs receive from a host firmware, configuration information, storage directives, and/or placement information indicating how content is to be recorded to the storage media. The controller uses those host-provided policies and inputs to store content on the flash memory, record storage information including identifiers and mappings for that content, later receive host requests for the content, retrieve the recorded storage information, recover the content from the storage media, and return the content to the host.

24.     Samsung supplies these SSDs for use in server-based caching and storage systems, including systems that use SSDs as an extended storage tier and that issue host-side write and read requests through software instances. On information and belief, such systems include CacheLib-based deployments and similar large-scale caching environments.

25.     Samsung's operation of the accused SSD products, and its making, importing, offering for sale, and selling of those products, satisfies every limitation of at least representative claims of the Patents-in-Suit.

## COUNT I
### Infringement of U.S. Patent No. 10,776,023

26.     Gaea repeats and incorporates by reference each preceding allegation.

27.     Samsung has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '023 Patent in violation of 35 U.S.C. § 271, *et seq*, by making, offering for sale and importing apparatuses that practice each element of the claim, including, but not limited to, the PM9D3a NVMe Solid State Drive (SSD).

28.     Claim 1 of the '023 patent provides:

[Preamble] An apparatus comprising:

[1A] a storage media;

[1B] a device controller operatively coupled with the storage media configured to at least:

[1C] receive, from a host, at least one storage device policy, wherein the at least one storage device policy indicates at least a recording method for writing content to the storage media;

[1D] receive a storage request, from the host, to store content;

[1E] store the content on the storage media by utilizing the recording method indicated by the at least one storage device policy;

[1F] record storage information for the content on a memory of the device controller, comprising at least a content identifier for the content;

[1G] subsequent to storing the content, receive a content request for the content, comprising at least the content identifier for the content;

[1H] in response to the content request, retrieve from the memory of the device controller, the storage information for the content;

[1I] recover the content from the storage media, at least in part according to the storage information; and

[1J] respond to the content request at least by returning the content to the host.

29.     On information and belief, Samsung's PM9D3a product is a Solid State Drive, which use solid-state flash memory (storage media) and a controller to operate the flash memory (device controller). The controller receives firmware implementing recording policies from a host server, receives store requests from a software instance on a host including content, a content identifier, and metadata used by the controller firmware to determine the policy to be used, stores the content per that policy, records storage mapping information, later receives content read requests from a software instance on a host, retrieves the mapping information for the requested read content, recovers the requested content from the flash memory, and returns the requested read content to the requesting software instance running on the host server. Accordingly, as demonstrated in detail below, the Accused Instrumentalities meet every element of claim 1 of the '023 patent.

30.     Claim limitation [1A] requires a "storage media." The Accused Instrumentalities include Non Volatile Memory (NVM) devices in which to store data.[2] Accordingly, this claim limitation is met.

31.     Claim limitation [1B] requires "a device controller operatively coupled with the storage media." The Accused Instrumentalities include a controller IC in those SSDs used to manage read and write requests to the coupled NVM devices of the SSDs.[3] Accordingly, this claim limitation is met.

32.     Claim limitation [1C] requires that the "device controller" of claim limitation [1B] "receive, from a host, at least one storage device policy, wherein the at least one storage device policy indicates at least a recording method for writing content to the storage media." The firmware functions running on the device controllers of the Accused Instrumentalities are downloaded from a host server and subsequently configured by the host server.[4] Included in the firmware running on the device controller are Flash Translation Layer (FTL) functions used to manage SSD operations, such as configurable data placement functions which include support for Flexible Data Placement (FDP) as defined in the NVMe standard.[5] In software instances, policies are provided for governing how data is written to an NVM, including device configuration and data placement based on, for example, cache or database access behaviors.[6] Accordingly, this claim limitation is met.

33.     Claim limitation [1D] further requires the "device controller" of claim limitation [1B] to "receive a storage request, from the host, to store content." A software instance on a host

---

[2] *See* Exh. E, citations 1 & 2.
[3] *See* Exh. E, citations 1 & 3.
[4] *See* Exh. E, citation 4.
[5] *See* Exh. E, citations 5, 6 & 7.
[6] *See* Exh. E, citation 8.

server issues requests to store content into an NVM.[7] The storage request from the software instance is received by the SSD tier and the controllers of the Accused Instrumentalities.[8] Accordingly, this claim limitation is met.

34.    Claim limitation [1E] requires that the apparatus "store the content on the storage media by utilizing the recording method indicated by the at least one storage device policy." The FTL firmware running on the device controllers of the Accused Instrumentalities store content in the coupled NVM devices using the FDP placement functions and received logical region identifiers in order to implement the policies configured in a software instance, such as segregating different writes within the NVM.[9] Accordingly, this claim limitation is met.

35.    Claim limitation [1F] requires that the apparatus "record storage information for the content on a memory of the device controller, comprising at least a content identifier for the content." The FTL firmware running on the device controllers of the Accused Instrumentalities stores a logical to physical address mapping.[10] The logical address is a unique host-visible identifier associated with write data.[11] The physical address of write data in the coupled NVM is determined by the FTL according to data placement, bad blocks, garbage collection, wear-levelling etc.[12] Once determined, the logical to physical mapping is stored by the SSD device controller.[13] Accordingly, this claim limitation is met.

36.    Claim 1[G] requires that "subsequent to storing the content, receive a content request for the content, comprising at least the content identifier for the content." In the Accused

---

[7] *See* Exh. E, citations 9 & 10.
[8] *See* Exh. E, citation 2.
[9] *See* Exh. E, citation 9.
[10] *See* Exh. E, citations 12 & 13.
[11] *See* Exh. E, citation 9.
[12] *See* Exh. E, citations 12 & 13.
[13] *See* Exh. E, citation 13.

Instrumentalities, subsequent content-read requests include the logical address identifier used to store the content.[14] The storage request from a software instance running on a host server is received by the SSD tier and so the device controllers of the Accused Instrumentalities.[15] Accordingly, this clam limitation is met.

37.    Claim limitation [1H] requires that "in response to the content request, retrieve from the memory of the device controller, the storage information for the content." In the Accused Instrumentalities, in responding to read requests, the device controller retrieves the stored logical to physical mapping.[16]  Accordingly, this claim limitation is met.

38.    Claim limitation [1I] requires that the apparatus "recover the content from the storage media, at least in part according to the storage information." In the Accused Instrumentalities, the device controller retrieves the stored logical to physical mapping and uses the logical address in the read request from the software instance to determine the physical address for the requested content.[17]  The requested content from the coupled NVM is recovered using the determined physical address from the mapping.[18]  Accordingly, this claim limitation is met.

39.    Claim limitation [1J] requires that the apparatus "respond to the content request at least by returning the content to the host." In the Accused Instrumentalities, after recovering the content from the coupled NVM devices as requested by the software instance running on the host, the Accused Instrumentalities returns the recovered data to the host server, which directs the

---

[14] *See* Exh. E, citations 9 & 10.
[15] *See* Exh. E, citation 2.
[16] *See* Exh. E, citation 13.
[17] *See* Exh. E, citations 12 & 13.
[18] *See* Exh. E, citation 13.

content to the software instance that made the read request.[19] Accordingly, this claim limitation is met.

40.    As demonstrated, Samsung has directly infringed and continues to directly infringe one or more claims of the '023 Patent, including at least representative claim 1, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the Accused Instrumentalities within the United States.

41.    Samsung's infringing activities have and continue to be without authority or license under the '023 Patent.

42.    On information and belief, despite notice of the '023 Patent, Samsung has and continues to infringe the '023 Patent.

43.    Gaea has and continues to suffer damages as a direct and proximate result of Samsung's direct infringement of the '023 Patent.

### COUNT II
### Infringement of U.S. Patent No. 11,327,669

44.    Gaea repeats and incorporates by reference each preceding allegation.

45.    Samsung has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 1, of the '669 Patent in violation of 35 U.S.C. § 271, *et seq*, by making, offering for sale and importing apparatuses that practice each element of the claim, including, but not limited to, the PM9D3a NVMe Solid State Drive (SSD).

46.    Claim 1 of the '669 patent provides:

[Preamble] An apparatus comprising:

[1A] a storage device;

---

[19] *See* Exh. E, citations 7 & 8.

[1B] a device controller operatively coupled with the storage device, comprising a memory;

[1C] an application stored on the memory and comprising instructions that, when executed, direct the device controller to at least:

[1D] receive a storage device policy;

[1E] receive a storage request, comprising content;

[1F] store the content on the storage device according to the storage device policy;

[1G] record storage information for the content on the memory, comprising at least a content identifier for the content;

[1H] subsequent to storing the content, receive a content request for the content, comprising at least the content identifier for the content;

[1I] in response to the content request, retrieve storage information for the content;

[1J] recover the content, at least in part according to the storage information; and

[1K] respond to the content request at least by returning the content.

47.    On information and belief, Samsung's PM9D3a product is a Solid State Drive, which uses solid-state flash memory and a controller to operate the flash memory (device controller). The device controller runs a firmware application implementing storage policies from a host server, receives store requests from a software instance including content, a content identifier, and metadata used by the device controller firmware to determine the policy to be used, stores the content per that policy, records storage mapping information, later receives content read requests from a software instance, retrieves the mapping information for the requested read content, recovers the requested content from the flash memory, and returns the requested read content to the requesting software instance running on the host server. Accordingly, as demonstrated in detail below, the Accused Instrumentalities meet every element of claim 1 of the '669 patent.

48.     Claim limitation [1A] requires a "storage device." The Accused Instrumentalities include Non Volatile Memory (NVM) integrated circuits (IC).[20] Accordingly, this claim limitation is met.

49.     Claim limitation [1B] requires "a device controller operatively coupled with the storage device, comprising a memory." The Accused Instrumentalities include a device controller in those SSDs used to manage read and write requests to the coupled NVM devices of the SSDs.[21] The device controller includes a processor running firmware stored in a program memory on the device controller.[22] Accordingly, this claim limitation is met.

50.     Claim limitation [1C] requires that the "device controller memory" of claim limitation [1B] stores an "application… comprising instructions that, when executed, direct the device controller to at least:" The device controller of the Accused Instrumentalities includes a CPU which executes FTL firmware functions, comprising CPU instructions, fetched from stored firmware on the device controller.[23] Accordingly, this claim limitation is met.

51.     Claim limitation [1D] requires that the "application" of claim limitation [1C] "receive a storage device policy." The firmware functions running on the device controllers of the Accused Instrumentalities are downloaded from a host server and subsequently configured by the host server.[24] Included in the firmware running on the device controller are Flash Translation Layer (FTL) functions used to manage SSD operations, such as configurable data placement functions which include support for Flexible Data Placement (FDP) as defined in the NVMe standard.[25] In

---

[20] *See* Exh. E, citations 1 & 2.
[21] *See* Exh. E, citations 1 & 3.
[22] *See* Exh. E, citations 8, 14 & 15.
[23] *See* Exh. E, citations 4, 14 & 15.
[24] *See* Exh. E, citation 4.
[25] *See* Exh. E, citations 5, 6 & 7.

software instances, policies are provided for governing how data is written to an NVM, including device configuration and data placement based on, for example, cache or database access behaviors.[26] Received logical region identifiers in the request directs the FTL firmware policy to determine how and where to store the write data in the NVM.[27] Accordingly, this claim limitation is met.

52.    Claim limitation [1E] further requires the "device controller" of claim limitation [1B] to "receive a storage request, comprising content." A software instance on a host server issues requests to store content into an NVM.[28] The storage request from the software instance is received by the SSD tier and the controllers of the Accused Instrumentalities.[29] Accordingly, this claim limitation is met.

53.    Claim limitation [1F] requires that the apparatus "store the content on the storage device according to the storage device policy." The FTL firmware running on the device controllers of the Accused Instrumentalities causes the content to be stored in the coupled NVM ICs using the FDP placement functions and received logical region identifiers in order to implement the policies configured in a software instance running on a host server, such as segregating different writes within the NVM.[30] Accordingly, this claim limitation is met.

54.    Claim limitation [1G] requires that the apparatus "record storage information for the content on the memory comprising at least a content identifier for the content." The FTL firmware running on the device controllers of the Accused Instrumentalities stores a logical to

---

[26] *See* Exh. E, citation 8.
[27] *See* Exh. E, citations 6, 7 & 8.
[28] *See* Exh. E, citations 9 & 10.
[29] *See* Exh. E, citation 2.
[30] *See* Exh. E, citation 7.

physical address mapping.[31]The logical address is a unique host-visible identifier associated with write data.[32] The physical address of write data in the coupled NVM is determined by the FTL according to data placement, bad blocks, garbage collection, wear-levelling etc.[33] Once determined, the logical to physical mapping is stored by the SSD device controller.[34] Accordingly, this claim limitation is met.

55.    Claim [1H] requires that "subsequent to storing the content, receive a content request for the content, comprising at least the content identifier for the content." In the Accused Instrumentalities, subsequent content-read requests include the logical address identifier used to store the content.[35] The storage request from a software instance running on a host server is received by the SSD tier and so the device controllers of the Accused Instrumentalities.[36] Accordingly, this clam limitation is met.

56.    Claim limitation [1I] requires that "in response to the content request retrieve storage information for the content." In the Accused Instrumentalities, in responding to read requests, the device controller retrieves the stored logical to physical mapping.[37] Accordingly, this claim limitation is met.

57.    Claim limitation [1J] requires that the apparatus "recover the content from the storage media, at least in part according to the storage information." In the Accused Instrumentalities, the device controller retrieves the stored logical to physical mapping and uses the logical address in the read request from the software instance to determine the physical address

---

[31] *See* Exh. E, citations 12 & 13.
[32] *See* Exh. E, citation 9.
[33] *See* Exh. E, citations 12 & 13.
[34] *See* Exh. E, citation 13.
[35] *See* Exh. E, citations 9 & 10.
[36] *See* Exh. E, citation 2.
[37] *See* Exh. E, citation 13.

for the requested content.[38] The requested content from the coupled NVM is recovered using the determined physical address from the mapping.[39] Accordingly, this claim limitation is met.

58.    Claim limitation [1K] requires that the apparatus "respond to the content request at least by returning the content." In the Accused Instrumentalities, after recovering the content from the coupled NVM devices as requested by the software instance running on the host, the Accused Instrumentalities returns the recovered data to the host server, which directs the content to the software instance that made the read request.[40] Accordingly, this claim limitation is met.

59.    As demonstrated, Samsung has directly infringed and continues to directly infringe one or more claims of the '669 Patent, including at least representative claim 1, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the Accused Instrumentalities within the United States.

60.    Samsung's infringing activities have and continue to be without authority or license under the '669 Patent.

61.    On information and belief, despite notice of the '669 Patent, Samsung has and continues to infringe the '669 Patent.

62.    Gaea has and continues to suffer damages as a direct and proximate result of Samsung's direct infringement of the '669 Patent.

### COUNT III
### Infringement of U.S. Patent No. 11,907,553

63.    Gaea repeats and incorporates by reference each preceding allegation.

---

[38] *See* Exh. E, citations 12 & 13.
[39] *See* Exh. E, citation 13.
[40] *See* Exh. E, citations 7 & 8.

64.     Samsung has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 9, of the '553 Patent in violation of 35 U.S.C. § 271, et seq, by making, offering for sale and importing apparatuses that practice each element of the claim, including, but not limited to, the PM9D3a NVMe Solid State Drive (SSD).

65.     Claim 9 of the '553 patent provides:

[Preamble] An apparatus comprising:

[9A] a solid state memory;

[9B] a device memory;

[9C] a programmable processor operatively coupled to the device memory;

[9D] a device controller operatively coupled with the solid-state memory and the programmable processor; and

[9E] an application stored on the device memory and comprising instructions that, when executed by the programmable processor, direct the programmable processor to at least:

[9F] receive a storage request comprising content and a storage device policy;

[9G] in response to receiving the storage request and the storage device policy, process the content for storage based on the storage device policy; and

[9H] transfer the content to the device controller; and

[9I] the device controller configured to: receive the content from the programmable processor and store the content on the solid-state memory.

66.     On information and belief, Samsung's PM9D3a product is a Solid State Drive, which uses solid-state flash memory and a controller Integrated Circuit (IC) to operate the flash memory. The controller IC includes a processor, memory and an I/O block (device controller) to control reading and writing data to solid-state memory. The controller IC firmware application, when executing, receives store requests from a software instance that includes content, a logical region and SSD configuration values used by the firmware to determine the write storage policy

to be used, processes the content per that policy, transfers the processed content to the device controller, and stores the content on the solid-state memory. Accordingly, as demonstrated in detail below, the Accused Instrumentalities meet every element of claim 9 of the '553 patent.

67.    Claim limitation [9A] requires a "solid-state memory." The Accused Instrumentalities include Non Volatile Memory (NVM).[41] Accordingly, this claim limitation is met.

68.    Claim limitation [9B] requires "a device memory." The Accused Instrumentalities include a controller IC in those SSDs used to manage read and write requests to the coupled NVM devices of the SSDs.[42] The controller IC includes a processor running firmware from a program store and configuration registers (memory).[43] Accordingly, this claim limitation is met.

69.    Claim limitation [9C] requires "a programmable processor operatively coupled to the device memory." The Accused Instrumentalities include a controller IC in those SSDs used to manage read and write requests to the coupled NVM devices of the SSDs.[44] The controller IC includes a CPU (processor) running firmware from a program store and configuration registers (memory).[45] Accordingly, this claim limitation is met.

70.    Claim limitation [9D] requires "a device controller operatively coupled with the solid-state memory and the programmable processor." The Accused Instrumentalities include a controller IC in those SSDs used to manage read and write requests to the coupled NVM devices

---

[41] *See* Exh. E, citations 1 & 2.
[42] *See* Exh. E, citations 1 & 3.
[43] *See* Exh. E, citations 8, 14 & 15.
[44] *See* Exh. E, citations 1 & 3.
[45] *See* Exh. E, citations 14 & 15.

of the SSDs.[46] The controller IC includes an I/O block used to control the solid-state memory ICs (device controller).[47] Accordingly, this claim limitation is met.

71.  Claim limitation [9E] requires that the "device memory" of claim limitation [9B] stores an "application… comprising instructions that, when executed by the programmable processor, direct the device controller to at least:" The controller IC of the Accused Instrumentalities includes a CPU which executes stored firmware, comprising CPU instructions, fetched from the on-chip program store, a component of the "device memory" of claim limitation [9B].[48] Accordingly, this claim limitation is met.

72.  Claim limitation [9F] requires that the "application" of claim limitation [9E] "receive a storage request comprising content…" A store content request in a Flexible Data Placement (FDP) region made by a software instance running on a host server is made based on the NVMe standard write command.[49] The NVMe write command to the controller IC includes the data to be written (content), a unique identifier associated with the content, and an indication of a logical FDP region to use.[50] The NVMe write command is received by the application of claim limitation [9E].[51] Accordingly, this claim limitation is met.

73.  Claim limitation [9F] requires that the "application" of claim limitation [9E] "receive a storage request comprising… a storage device policy." A write storage policy indicates where and how to store content in the Accused Instrumentalities. Subsequently, a write storage policy includes how to generate a physical location in the requested logical FDP region (where)[52]

---

[46] *See* Exh. E, citation 1.
[47] *See* Exh. E, citations 14 & 15.
[48] *See* Exh. E, citations 4, 14 & 15.
[49] *See* Exh. E, citations 6, 7, 8 & 10.
[50] *See* Exh. E, citations 10 & 11.
[51] *See* Exh. E, citation 8.
[52] *See* Exh. E, citations 6, 7, 8 & 10.

and an indication of whether to encrypt the content on the SSD (how)[53]. The destination physical location for the content on the solid-state memory is generated based on the FDP placement firmware function and the received indication of the logical region to use.[54] The encrypt indication is stored in a configuration register, is read (received) by the firmware application.[55] Accordingly, this claim limitation is met.

74.    Claim limitation [9G] requires that the "application" of claim limitation [9E] "in response to receiving the storage request and the storage device policy, process the content for storage based on the storage device policy." The firmware application moves the content to the controller IC encrypt/decrypt block for encryption (processing) based on the configuration received as part of the write storage policy.[56] Accordingly, this claim limitation is met.

75.    Claim limitation [9H] further requires that the "application" of claim limitation [9E] "transfer the content to the device controller." Subsequent to encrypting the content of claim limitation [9F], the processed content is moved by the firmware application to the I/O block of the controller IC (device controller).[57] Accordingly, this claim limitation is met.

76.    Claim [9I] requires that "device controller" of claim limitation [9G] is configured to "receive the content from the programmable processor and store the content on the solid-state memory." In the Accused Instrumentalities, the I/O block of the controller IC (device controller) receives the processed content and physical write address, storing the content in the solid-state memory at the physical write address.[58] Accordingly, this claim limitation is met.

---

[53] *See* Exh. E, citations 2, 16 & 17.
[54] *See* Exh. E, citation 5.
[55] *See* Exh. E, citation 16.
[56] *See* Exh. E, citations 2, 16 & 17.
[57] *See* Exh. E, citations 14 & 15.
[58] *See* Exh. E, citation 13.

77.    As demonstrated, Samsung has directly infringed and continues to directly infringe one or more claims of the '553 Patent, including at least representative claim 9, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the Accused Instrumentalities within the United States.

78.    Samsung's infringing activities have and continue to be without authority or license under the '553 Patent.

79.    On information and belief, despite notice of the '553 Patent, Samsung has and continues to infringe the '553 Patent.

80.    Gaea has and continues to suffer damages as a direct and proximate result of Samsung's direct infringement of the '553 Patent.

### COUNT IV
### Infringement of U.S. Patent No. 12,265,715

81.    Gaea repeats and incorporates by reference each preceding allegation.

82.    Samsung has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 11, of the '715 Patent in violation of 35 U.S.C. § 271, *et seq*, by making, offering for sale and importing apparatuses that practice each element of the claim, including, but not limited to, the PM9D3a NVMe Solid State Drive (SSD).

83.    Claim 11 of the '715 patent provides:

[Preamble] A method of operating a solid-state drive, the method comprising:

[11A] in response to a storage request comprising content, processing the content based on a storage policy;

[11B] storing the processed content on the solid-state memory;

[11C] in response to a read request, reading requested content from the solid-state memory;

[11D] processing the requested content for transfer based on the storage policy; and

[11E] transferring the requested content.

84.     On information and belief, Samsung's PM9D3a product is a Solid State Drive, which uses solid-state flash memory and a controller Integrated Circuit (IC) to operate the flash memory. The controller IC includes a processor, memory and an I/O block (device controller) to control reading and writing data to solid-state memory. The controller IC application, when executing, receives store requests from a software instance that includes content, a logical region and SSD configuration values used by the firmware to determine the write storage policy to be used, processes the content per that policy, stores the content on the solid-state memory, and, in response to a read request, read the stored content, processes the content per that policy,  and transferring the requested content. Accordingly, as demonstrated in detail below, the Accused Instrumentalities meet every element of claim 11 of the '715 patent.

85.     Claim limitation [11A] requires a "in response to a storage request comprising content..." A store content request in a Flexible Data Placement (FDP) region made by a software instance running on a host server is made based on the NVMe standard write command.[59] The NVMe write command to the controller IC includes the data to be written (content), a unique identifier associated with the content, and an indication of a logical FDP region to use.[60] Accordingly, this claim limitation is met.

86.     Claim limitation [11A] requires "…based on a storage policy." A write storage policy indicates where and how to store content in the Accused Instrumentalities. Subsequently, a write storage policy includes how to generate a physical location in the requested logical FDP

---

[59] *See* Exh. E, citations 6, 7, 8 & 10.
[60] *See* Exh. E, citations 10 & 11.

22

region (where)[61] and an indication of whether to encrypt the content on the SSD (how)[62]. The destination physical location for the content on the solid-state memory is generated based on the FDP placement firmware function and the received indication of the logical region to use.[63] The encrypt indication is stored in a configuration register. Accordingly, this claim limitation is met.

87.     Claim limitation [11A] requires "…processing the content based on a storage policy." The firmware moves the requested content to the controller IC encrypt/decrypt block for encryption (processing) based on the configuration in the storage policy.[64] Accordingly, this claim limitation is met.

88.     Claim limitation [11B] requires "storing the processed content on the solid-state memory." Subsequent to encrypting the content of claim limitation [9F], the processed content is moved by the firmware application to the I/O block of the controller IC (device controller).[65] Accordingly, this claim limitation is met.

89.     Claim limitation [11C] requires "in response to a read request, reading requested content from the solid-state memory." A read content request in an Flexible Data Placement (FDP) region made by a software instance running on a host server is made based on the NVMe standard read command.[66] The NVMe read command to the controller IC of the Accused Instrumentalities includes the unique identifier associated with the content. The controller IC performs a translation of the unique identifier to a physical address.[67] The I/O block of the controller IC uses the translated

---

[61] *See* Exh. E, citations 6, 7, 8 & 10.
[62] *See* Exh. E, citations 2, 16 & 17.
[63] *See* Exh. E, citation 8.
[64] *See* Exh. E, citations2, 16 & 17.
[65] *See* Exh. E, citations 14 & 15.
[66] *See* Exh. E, citations 6, 7, 8 & 10.
[67] *See* Exh. E, citations 12 & 13.

physical address to read the content from the solid-state memory.[68] Accordingly, this claim limitation is met

90. Claim limitation [11D] requires "processing the requested content for transfer based on the storage policy." The firmware executing on the controller IC of the Accused Instrumentalities moves the read content to the controller IC encrypt/decrypt block for decryption (processing) based on the configuration in the storage policy.[69] Accordingly, this claim limitation is met.

91. Claim limitation [11E] requires "transferring the requested content." The result of the NVMe read command is returned to the requesting software instance running on the host server.[70] Accordingly, this claim limitation is met.

92. As demonstrated, Samsung has directly infringed and continues to directly infringe one or more claims of the '715 Patent, including at least representative claim 9, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the Accused Instrumentalities within the United States.

93. As demonstrated, Samsung has directly infringed and continues to directly infringe one or more claims of the '715 Patent, including at least representative claim 9, in violation of 35 U.S.C. §§ 271(a) by, without authority, making, using, offering for sale, and/or selling the Accused Instrumentalities within the United States.

94. Samsung's infringing activities have and continue to be without authority or license under the '715 Patent.

---

[68] *See* Exh. E, citations 2, 9 & 10.
[69] *See* Exh. E, citations 19 & 20.
[70] *See* Exh. E, citations 2, 16 & 17.

95.    On information and belief, despite notice of the '715 Patent, Samsung has and continues to infringe the '715 Patent.

96.    Gaea has and continues to suffer damages as a direct and proximate result of Samsung's direct infringement of the '715 Patent.

[Space Intentionally Blank]

25

**PRAYER FOR RELIEF**

98.     Gaea respectfully requests that the Court enter judgment in its favor and grant the following relief:

A.     A judgment that Samsung infringes one or more claims of the '023 Patent, the '553 Patent, the '669 Patent, and the '715 Patent;

B.     Damages adequate to compensate Gaea for Samsung's infringement, but in no event less than a reasonable royalty;

C.     Enhancements for willful infringement as permitted by law;

D.     Pre- and post-judgment interest;

E.     A permanent injunction or, in the alternative, an ongoing royalty;

F.     Attorneys' fees and costs;

G.     Any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Gaea demands a trial by jury on all issues so triable.

Dated March 31, 2026                          Respectfully submitted,

                                              */s/ Cristofer Leffler*
                                              Cristofer I. Leffler, Ca. Bar No. 208129
                                              David Schumann, CA Bar No. 223936
                                              Cliff Win, Jr., CA Bar No. 270517
                                              FOLIO LAW GROUP PLLC
                                              1200 Westlake Ave. N., Suite 809
                                              Seattle, WA 98109
                                              Tel: (206) 880-1802
                                              Email: cris.leffler@foliolaw.com
                                                     david.schumann@foliolaw.com
                                                     cliff.win@foliolaw.com

                                              */s/ Greg Love*
                                              Gregory P. Love, TX Bar No. 24013060
                                              **CHERRY JOHNSON SIEGMUND JAMES**
                                              104 E. Houston Street, Suite 115

Marshall, Texas 75670
Tel: 903-212-4444
glove@cjsjlaw.com

*Attorneys for Plaintiff Gaea, LLC*